## Costa *v.* Musumando, Appellant.

*Evidence—Writing—Contradiction of witness.*

In an action of assumpsit where the plaintiff alleges that he and the defendant purchased land under an agreement in writing, that the plaintiff had furnished a part of the purchase money which the defendant had agreed to repay him, the deed being taken in the defendant's name, the defendant may offer in evidence the agreement in question showing that the plaintiff's wife, and not the plaintiff, was the person who with the defendant signed the agreement. Such an offer is admissible, first, as being evidence of the contract for the purchase of the land, and, second, as contradicting the plaintiff.

In an action of assumpsit where the plaintiff testifies to a demand which he had made upon the defendant based upon the claim involved in the suit, the defendant may show that the demand in question was made by the plaintiff for an entirely different purpose.

Argued May 15, 1907.    Appeal, No. 43, April T., 1907, by defendant, from judgment of C. P. Lawrence Co., Sept. T., 1904, No. 27, on verdict for plaintiff in case of Sebastiano Costa v. Antonio Musumando, alias Antony Musoman. Before RICE, P. J., HENDERSON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Assumpsit to recover money had and received. Before PORTER, P. J.

The opinion of the Superior Court states the case.

At the trial the court refused to admit in evidence an agreement in writing, the material portion of which is as follows:

" Made the nineteenth day of October, in the year of our Lord one thousand eight hundred ninety-eight, between Chas. T. Hetzel of Pittsburg street, city of New Castle, Pa., and Mrs. Tressie Musoman, Bernard Musoman and Rosa Costa, parties of the second part:

" Witnesseth, that the said party of the first part, for the consideration hereafter mentioned and contained, agrees to sell and convey unto the said parties of the second part, their heirs or assigns, all certain piece, parcel or lot of land situate, lying and being in Shenango township, Lawrence county, Pa., known as Long farm, and containing ten acres, more or less." [1]

When the plaintiff was on the stand the following offer was made:

Sebastiana Costa, the plaintiff, being on the witness stand in his own behalf, and having testified that defendant had offered him money on his claim in this case, defendant's counsel on cross-examination asked him as follows : " Q. Now at this time you had this talk, at the time you were demanding money of Musoman, wasn't he threatening to leave his· wife, and wasn't this money he offered you money that you asked and demanded as pay for leaving your wife and going back to Italy, and not pay for any money you had advanced ? "

Objected to as incompetent and irrelevant.

Defendant's counsel: Offered for the purpose of showing it was not a demand made for settlement of this case, but that it was money asked for the purpose of getting him to leave his wife, and he. would do that if he was given so much money— that he was doing no good here and would go back to Italy.

Objected to as incompetent, irrelevant and immaterial, and not cross-examination.

The Court: We will sustain the objection and seal an exception for the defendant. [2]

Defendant presented these points :

12. That the plaintiff's proof in this case does not sustain his statement of claim, and the verdict should be for the defendant. *Answer :* Refused. [3]

2. If the jury find that the defendant acknowledged before witnesses that he was indebted to the plaintiff in any sum in this transaction (as related by plaintiff) the jury should return a verdict for the plaintiff for not less than the amount acknowledged, with interest from the date of payment of said money by plaintiff to defendant.

The Court: Affirmed ; that is, if the amount which he admitted he owed was an amount growing out of the purchase of this real estate as related by the plaintiff. [4]

Verdict and judgment for plaintiff for $682. Defendant appealed.

*Errors assigned* were (1, 2) rulings on evidence, quoting the bill of exceptions ; (3, 4) above instructions, quoting them.

*Oscar L. Jackson,* with him *Charles G. Martin,* for appellant.

*J. P. Lockhart,* of *Akens, Wilkison, Lockhart & Chambers,* with him *Aaron L. Hazen* and *Charles E. Mehard,* for appellee.

OPINION BY BEAVER, J., October 7, 1907:

The core of the inquiry in this case was as to the character of, and parties to, an agreement for the purchase of land from one Hetzel, there being no controversy as to the fact of the purchase and the identity of the land.

The plaintiff alleged that the agreement was made by him and the defendant with Hetzel, that the agreement was in writing but had not been signed by him, and that he had paid part of the purchase money, upon the agreement, which he sought to recover from the defendant, the deed having been subsequently made to the defendant alone.

The defendant, on the other hand, claimed that the agreement was in writing, that it showed for itself who the parties to it were and that instead of the plaintiff being one of the purchasers his wife was the real purchaser; that she signed the agreement; that she paid the purchase money, so far as it was paid, for her interest, and that the money had been repaid to her.

Evidently the writing was some evidence as to what the agreement was. The plaintiff had possession of it during the examination of his witnesses, but did not offer it in evidence, except as to certain entries of payments made thereon, which he offered to introduce, in order to corroborate his testimony. The introduction of these memoranda of payment was objected to and rightfully excluded. The defendant offered the agreement in evidence. It was clearly admissible, first, as being the best evidence of the contract for the purchase of the land from Hetzel, and, second, as contradicting the plaintiff. The offer was objected to and the evidence excluded, upon the ground, as thus stated by the court:

" The plaintiff having testified that, on the 19th day of October, an agreement was made for the purchase of the land in question, between Charles T. Hetzel, on the one part, and the defendant and plaintiff on the other part, the agreement as offered would not tend to contradict the testimony of witness in that respect, as it is not an agreement between Charles T.

Hetzel on the one part and the defendant and plaintiff on the other part. The objection is sustained and an exception sealed for the defendant."

The difficulty with this ruling is that it assumes that the plaintiff was correct in his contention that the agreement was between Hetzel on the one part and the defendant and the plaintiff on the other part, whereas the defendant contended that there was no such agreement and that the only agreement for the purchase of the land was between parties other than plaintiff and defendant, and offered to show just what the agreement was. This was clearly competent and entirely relevant. If this written agreement was the one under which the purchase was made, the plaintiff was clearly mistaken as to his views of the case, particularly in view of the fact that he himself had testified that the agreement was in writing, but that he had not signed it.

Equally competent and relevant was the question asked by the defendant's counsel, on cross-examination, of the plaintiff, as to an alleged offer of compromise or of repayment of a less sum than the plaintiff alleged he had advanced for the purchase of the land. The question was this : "Now at this time you had this talk, at the time you were demanding money of Musoman, wasn't he threatening to leave his wife, and wasn't this money he offered you money that you asked and demanded as pay for leaving your wife and going back to Italy, and not pay for any money you had advanced ?" It is very clear that, if the demand was for the object named in the question and not for what the plaintiff had alleged in his examination in chief, the negotiations were about another subject entirely and could have had no relevancy to the question in issue in this case. The defendant should have been allowed to ask the question.

We are of opinion that the refusal of the defendant's twelfth point, that "the plaintiff's proof in this case does not sustain his statement of claim and the verdict should be for the defendant," was correct.

The affirmation of the plaintiff's second point, with the qualification added by the court, was not erroneous.

This covers the entire case, as presented in the specifications of error by the defendant.

It is possible that, as claimed by the appellant, on a retrial, the plaintiff may experience some difficulty in establishing a right to recover in assumpsit, but it is not necessary for us to anticipate the difficulty, if such should be found, as it is not legitimately raised by any of the specifications of error.

For the reasons stated, the case must go back for a new trial.

Judgment reversed with a new venire.

RICE, P. J., dissents.